UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | **Case No.: 18-42652-BDL** |
| MICHAEL LEE SORENSEN AND KARLA ANN SORENSEN, | **Adversary No.:** |
| Debtors. | **COMPLAINT** |
| MICHAEL LEE SORENSEN AND KARLA ANN SORENSEN, | |
| Plaintiffs, | |
| v. | |
| RUSHMORE LOAN MANAGEMENT SERVICES LLC, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiffs Michael Lee Sorensen and Karla Ann Sorensen (collectively "the Sorensens") bring this action to remedy Defendant Rushmore Loan Management Services ("Rushmore")'s disregard for the provisions of the Sorensens' confirmed Chapter 13 bankruptcy plan and willful failure to properly credit payments made pursuant to that plan. The Sorensens also seek to

COMPLAINT - 1



936 N. 34th St. Ste. 100
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

remedy Rushmore's charging of unreasonable and unnecessary monthly "inspection costs" without disclosing such costs pursuant to Rule 3002.1.

## II. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This action is a core proceeding in which the Bankruptcy Court has authority to enter a final order or judgment.

## III. PARTIES

3.1 Plaintiffs Michael and Karla Sorensen are a married couple residing in Thurston County, Washington.

3.2 Defendant Rushmore Loan Management Services LLC is a Delaware limited liability company with its principal place of business in California.

## IV. STATEMENT OF FACTS

4.1 The Sorensens purchased their home located at 18230 Alexander Lane SE, Rochester, WA 98579 on July 18, 2008. To purchase their home, the Sorensens signed a note and deed of trust with American General Financial Services. The total principal on the Note was $142,804.12.

4.2 The Sorensens made a number of payments on their mortgage before falling behind on their payments. To resolve the delinquency, the Sorensens entered into a loan modification agreement signed on July 25, 2012. The 2012 loan modification provided that the Sorensens would make principal and interest payments of $525.64 beginning on September 1, 2012 that would later increase to $735.14 on September 1, 2015.

4.3 The Sorensens fell behind on their payments again in 2014 when Mr. Sorensen was injured at work.

4.4 Servicing of the mortgage was eventually transferred to Defendant Rushmore

COMPLAINT - 2

NWCLC Northwest Consumer Law Center

936 N. 34th St. Ste. 100
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Case 21-04053-BDL    Doc 1    Filed 09/29/21    Ent. 09/29/21 13:43:21    Pg. 2 of 10

Loan Management Services LLC.

4.5 On July 31, 2018, the Sorensens filed this Chapter 13 bankruptcy case and proposed a plan to make ongoing monthly mortgage payments to Rushmore and to cure the mortgage arrearage.

4.6 On October 3, 2018, Rushmore filed a Proof of Claim in the Sorensens' Chapter 13 case. The Proof of Claim provided the following relevant information:

    4.6.1. The principal balance was $147,488.40.

    4.6.2. The current principal and interest payment was $735.14; the monthly escrow payment was $214.13; and the total monthly payment as $949.27

4.7 On November 9, 2018, the Sorensens' Amended Chapter 13 plan (ECF #20) was confirmed by the Court. The plan provided for weekly payments of $630 and payment of:

    4.7.1. Administrative expenses including the Trustee's fee and pre-confirmation attorney fees.

    4.7.2. Ongoing monthly mortgage payments to Rushmore

    4.7.3. Cure payments to Rushmore

    4.7.4. Monthly payment on the Plaintiffs' car loan.

4.8 The Sorensens remained current on their plan payments through June 2019 until Mr. Sorensen lost his job. Mr. Sorensen quickly found new employment, and the Sorensens resumed making their plan payments.

4.9 The Sorensens submitted plan payments each month, although at times, their plan payments were less than the full required payment until their confirmed plan. The plan payment was always sufficient, however, to cover the ongoing monthly mortgage payments. The Chapter 13 Trustee's records reflect that each month, Rushmore was disbursed funds sufficiently to pay

COMPLAINT - 3

NWCLC Northwest Consumer Law Center

936 N. 34th St. Ste. 100
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Case 21-04053-BDL    Doc 1    Filed 09/29/21    Ent. 09/29/21 13:43:21    Pg. 3 of 10

the post-petition ongoing monthly mortgage payment, except for August 2020, which was then cured in September 2020.

4.10 On April 24, 2020, Rushmore filed a Notice of Mortgage Change which provided that the ongoing monthly payment would be $939.89 beginning June 1, 2020 due to a decreased escrow payment.

4.11 On March 16, 2021, Rushmore filed a Notice of Mortgage Change which provided that the ongoing monthly payment would be $996.79 beginning May 1, 2021 due to an increased escrow payment.

4.12 Through the date of this Complaint, Rushmore has not filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges in this case.

4.13 Despite not filing a Notice of Postpetition Mortgage Fees, Expenses, and Charges in this case, Rushmore repeatedly charged the Sorensens for miscellaneous fees, reflected on their monthly mortgage payments, including:

   4.13.1 "FC/BK/DIL/EVIC COST" of $241.49 on August 9, 2018

   4.13.2 "ATTORNEY FEES" of $50.00 on August 10, 2018

   4.13.3 "VALUE/HOA/INSP COST" of $105.00 on August 30, 2018

   4.13.4 "FC/BK/DIL/EVIC COST" of $546.94 on September 13, 2018

   4.13.5 "VALUE/HOA/INSP COST" of $1.50 and $15.00 on September 26, 2018

   4.13.6 "FC/BK/DIL/EVIC COST" of $249.49 on October 11, 2018 and November 23, 2018

   4.13.7 "ATTORNEY FEES" of $300.00 and $250.00 on October 16, 2018

   4.13.8 "FC/BK/DIL/EVIC COST" of $3.26 on October 18, 2018

   4.13.9 "VALUE/HOA/INSP COST" of $1.50 and $15.00 on October 26, 2018,

COMPLAINT - 4



936 N. 34th St. Ste. 100
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Case 21-04053-BDL    Doc 1    Filed 09/29/21    Ent. 09/29/21 13:43:21    Pg. 4 of 10

November 30, 2018

   4.13.10  "ATTORNEY FEES" of $50.00 on November 28, 2018

   4.13.11  "VALUE/HOA/INSP COST" of $1.50, $0.12, and $15.00 on August 29, 2019, October 2, 2019, November 19, 2019, December 11, 2019, January 10, 2020, February 19, 2020, March 19, 2020, April 16, 2020, May 12, 2020, June 17, 2020, July 9, 2020, September 23, 2020, November 9, 2020, December 14, 2020, February 11, 2021, March 10, 2021.

   4.13.12  "VALUE/HOA/INSP COST" of $15.00 on August 24, 2020

  4.14  In February 2021, the Sorensens received a Mortgage Interest Statement from Rushmore stating that $22,054.20 was applied to mortgage interest in 2020 and that their outstanding mortgage principal was $22,054.20.

  4.15  Concerned about why their mortgage principal had not decreased since their Chapter 13 filing, on February 21, 2021, the Sorensens sent a Request for Information and Notice of Error to Rushmore requesting information about application of payments during the pendency of their Chapter 13 and requesting that Rushmore apply the payments in accordance with their Chapter 13 plan.

  4.16  On March 18, 2021, Rushmore responded via letter in relevant part below:

> When the Chapter 13 Bankruptcy Petition was filed on July 31, 2018, the loan was contractually due for the March 1, 2014, installment. Due to the delinquency of the loan, interest from approximately four (4) years accrued and needed to be satisfied before funds could be applied to the unpaid principal of the loan per the terms of the original loan agreement and the subsequent Loan Modification Agreement. Accordingly, the interest-only payment applications in 2020 are valid.

  4.17  The Sorensens received regular monthly mortgage statements from Rushmore during the course of their Chapter 13 plan. According to the mortgage statement dated February 11, 2021, the Sorensens' principal balance was $147,488.40—the same amount listed in

COMPLAINT - 5

NWCLC Northwest Consumer Law Center

936 N. 34th St. Ste. 100
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Case 21-04053-BDL  Doc 1  Filed 09/29/21  Ent. 09/29/21 13:43:21  Pg. 5 of 10

Rushmore's Proof of Claim filed in October 2018.

4.18     According to a statement dated April 9, 2021, Rushmore applied part of the Sorensens' plan payment to principal for the first time since they filed for Chapter 13. A payment of $486.84 was applied to principal on March 19, 2021 (one day after it responded to the Notice of Error).

4.19     Through the date of this Complaint, the Sorensens have paid a total of $86,552 into their Chapter 13 plan. Based on the Chapter 13 Trustee's records, the Trustee has paid $69,551.29 to Rushmore through the date of this Complaint on behalf of the Sorensens.

4.20     Rushmore's misapplication of plan payments by Rushmore, in addition to Rushmore's charging of undisclosed fees, caused extreme stress and anxiety to the Sorensens.

4.21     Rushmore's misapplication of plan payments caused actual damages to the Sorensens when they relied on Rushmore's Form 1089 – Mortgage Interest Statements to prepare their 2018, 2019, and 2020 tax returns. The Sorensens incurred additional expenses to get tax advice about the inaccurate Form 1089.

4.22     Rushmore's misapplication of payments and charging of undisclosed fees inflated the balance on the mortgage secured by the Sorensens' home, causing material harm to the Sorensens.

4.23     Rushmore's misapplication of payments and charging of undisclosed fees caused emotional distress to the Sorensens including loss of sleep, headaches, anxiety, stress, and depression.

## V.     FIRST CAUSE OF ACTION
## VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(k)
COMPLAINT - 6



936 N. 34th St. Ste. 100
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Case 21-04053-BDL    Doc 1    Filed 09/29/21    Ent. 09/29/21 13:43:21    Pg. 6 of 10

5.1     Rushmore received notice of the Sorensens' Chapter 13 bankruptcy case and their confirmed plan (ECF #11, 23) and filed its Proof of Claim in the Sorensens' underlying Chapter 131 case.

5.2     Despite having actual notice of the Sorensens' confirmed Chapter 13 plan, Rushmore misapplied payments received from the Trustee by applying ongoing monthly mortgage payments to interest.

5.3     The Sorensens requested that Rushmore fix its violation of the automatic stay through their Notice of Error letter sent on February 21, 2021.

5.4     Despite receiving notice of its wrongdoing through the Notice of Error letter and already having notice of the automatic stay, Rushmore continued to willfully misapply plan payments received and refused to correct its mistake.

5.5     Misapplication of plan payments violate the automatic stay. *See Bivens v. Newrez LLC* (In re Bivens), Bankruptcy No. 14-80841 (Bankr. M.D.N.C. Mar. 25, 2021).

5.6     Rushmore's automatic stay violation caused actual damages to the Sorensens including an inflated mortgage balance, tax implications, and emotional distress.

## VI.    SECOND CAUSE OF ACTION
## FAILURE TO CREDIT PLAN PAYMNETS - VIOLATION OF 11 U.S.C. § 524(i)

6.1     11 U.S.C. §524(i) provides that:

> The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming a plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor.

COMPLAINT - 7

NWCLC Northwest Consumer Law Center

936 N. 34th St. Ste. 100
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Case 21-04053-BDL    Doc 1    Filed 09/29/21    Ent. 09/29/21 13:43:21    Pg. 7 of 10

6.2     Throughout the Sorensens' Chapter 13 plan, Rushmore has received sufficient payments to be applied to the Sorensens' post-petition monthly mortgage payments, with the exception of August 2020.

6.3     Despite receiving sufficient payments, Rushmore willfully misapplied payment received under a Chapter 13 plan by applying post-petition continuing monthly mortgage payments completely to interest and escrow advances, when part of the post-petition continuing monthly mortgage payments should have bene applied to principal.

6.4     Rushmore misapplied these payments despite having actual knowledge of the Sorensens' Chapter 13 plan.

6.5     Rushmore's failure to credit payments in accordance with the Chapter 13 plan caused material injury to the Sorensens, including an inflated loan balance, tax implications, and emotional distress.

## VII.    THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE NOTICE OF POSTPETITION FEES – VIOLATION OF BANKRUPTCY RULE 3002.1(c)

7.1     Federal Rule of Bankruptcy Procedure 3002.1(c) provides that secured creditors must provide notice of assessed fees, expenses, and charges "in a chapter 13 case to claims (1) that are secured by a security interest in the debtor's principal residence and (2) for which the plan provides that either the trustee or the debtor will make contractual installment payments."

7.2     Rushmore services a loan secured by a deed of trust in the Sorensens' principal residence.

7.3     Rushmore failed to give proper notice of over $2,000 in improper fees and charges described in Paragraph 4.13 above.

COMPLAINT - 8

NWCLC Northwest Consumer Law Center

936 N. 34th St. Ste. 100
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Case 21-04053-BDL    Doc 1    Filed 09/29/21    Ent. 09/29/21 13:43:21    Pg. 8 of 10

7.4     Rushmore's failure to give proper notice was harmful and was not substantially justified. The charges inflated the balance of the mortgage loan and prevented the Sorensens from utilizing the Bankruptcy Code to determine whether such charges were allowable.

7.4     The Sorensens seek an order precluding Rushmore from presenting the omitted information to the Court and holding the undisclosed fees uncollectible pursuant to F.R.B.P 3002.1(i)(1). The Sorensens also seek reasonable expenses and attorneys fees pursuant to 3002.1(i).

## VIII.  PRAYER FOR RELIEF

Wherefore, the Sorensens request the following relief:

8.1     Declaratory judgment precluding Rushmore from presenting the omitted undisclosed post-petition fees to this Court and holding that the omitted fees are uncollectible;

8.2     Actual damages;

8.3     Punitive damages;

8.4     Attorney fees and costs.

Dated this 29th day of September, 2021

*Attorneys for Plaintiffs/Debtors*

/s/ Amanda N. Martin
Amanda N. Martin, WSBA #49581
Northwest Consumer Law Center
936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-1716
Email: amanda@nwclc.org

/s/ Christina L. Henry
Christina L. Henry, WSBA #31273

COMPLAINT - 9

936 N. 34th St. Ste. 100
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989



Case 21-04053-BDL    Doc 1    Filed 09/29/21    Ent. 09/29/21 13:43:21    Pg. 9 of 10

1
2  Henry & DeGraaff, P.S.
   119 1st Avenue S, Ste. 500
3  Seattle, WA 98104
   Tele: 206-330-0595
4  Email: chenry@hdm-legal.com
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT - 10



936 N. 34th St. Ste. 100
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Case 21-04053-BDL    Doc 1    Filed 09/29/21    Ent. 09/29/21 13:43:21    Pg. 10 of 10