Michael J. Farrell, WSBA #18897  
mfarrell@mblglaw.com  
David W. Cramer, WSBA #49566  
dcramer@mblglaw.com  
MB LAW GROUP, LLP  
117 SW Taylor Street, Suite 200  
Portland, OR 97204  
Telephone: 503-914-2015  
Facsimile: 503-914-1725  

Honorable Brian D. Lynch  
Chapter 13  

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>MICHAEL LEE SORENSEN; KARLA ANN SORENSEN,<br><br>Debtors. | Chapter 13 Proceeding<br><br>Case No. 18-42652-BDL<br><br>**Adv. Proc. No.: 21-04053-BDL** |
| MICHAEL LEE SORENSEN; KARLA ANN SORENSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC,<br><br>Defendant. | **DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S ANSWER TO COMPLAINT** |

Defendant Rushmore Loan Management Services, LLC ("Rushmore" or "Defendant") hereby Answers the Plaintiffs' Complaint:

## I.  INTRODUCTION

1. Rushmore admits that Plaintiffs (the "Sorensens") bring an action against Rushmore, but Rushmore denies the remaining allegations of the Introduction.

## II.  JURISDICTION

2. Rushmore admits the allegations in paragraph 2 regarding Jurisdiction.

DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S  
ANSWER TO COMPLAINT – 1

MB LAW GROUP, LLP  
Attorneys at Law  
117 SW Taylor Street, Suite 200  
Portland, OR 97204  
Telephone (503) 914-2015  
Fax: (503) 914-1725

Case 21-04053-BDL    Doc 3    Filed 11/01/21    Ent. 11/01/21 16:40:14    Pg. 1 of 10

### III. PARTIES

3.1 On information and belief, Rushmore admits the allegations in paragraph 3.1.

3.2 Rushmore admits that it is a Delaware limited liability company and denies the remaining allegations of paragraph 3.2.

### IV. STATEMENT OF FACTS

4.1 Rushmore admits that the Sorensens signed a note and deed of trust related to the property located at 18230 Alexander Lane SE, Rochester, WA 98578 on July 18, 2008, the terms of which speak for themselves. Except as expressly admitted and to the extent the allegations conflict with the terms of the documents, Rushmore denies the allegations in paragraph 4.1.

4.2 Rushmore admits that the Sorensens entered into a loan modification agreement dated July 25, 2012, the terms of which speak for themselves. Rushmore lacks sufficient information to either admit or deny why the Sorensens entered into the loan modification agreement and so denies the same. Except as admitted and to the extent the allegations conflict with the terms of the modification agreement, Rushmore denies the allegations in paragraph 4.2.

4.3 Rushmore admits that the Sorensens fell behind on their mortgage payments in 2014. Except as admitted, Rushmore lacks sufficient information to either admit or deny the remaining allegations of paragraph 4.3 and so denies the same.

4.4 Rushmore admits the allegations of paragraph 4.4

4.5 Rushmore admits the allegations of paragraph 4.5

4.6 Rushmore admits that it filed a Proof of Claim in the Sorensens' Chapter 13 case, the terms of which speaks for itself. Except as expressly admitted and to the extent the allegations conflict with the terms of the documents, Rushmore denies the allegations of paragraph 4.6.

DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S
ANSWER TO COMPLAINT – 2

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone (503) 914-2015
Fax: (503) 914-1725

Case 21-04053-BDL    Doc 3    Filed 11/01/21    Ent. 11/01/21 16:40:14    Pg. 2 of 10

4.6.1   Rushmore admits the allegations of paragraph 4.6.1 that the Proof of Claim stated that the principal balance owing was $147,488.40, but denies the Proof of Claim stated that was the total balance owed..

4.6.2   Rushmore admits the allegations of paragraph 4.6.2 but denies that the total monthly payment set forth in the Proof of Claim would be sufficient to cover the arrears on the Sorensens' obligations.

4.7   Rushmore admits the Sorensens Amended Chapter 13 plan (ECF #20) was confirmed by the Court, the terms of which speak for themselves and Rushmore denies any allegations to the contrary.

4.7.1   Rushmore admits the allegations of paragraph 4.7.1.

4.7.2   Rushmore admits the allegations of paragraph 4.7.2.

4.7.3   Rushmore admits the allegations of paragraph 4.7.3.

4.7.4   Rushmore admits the allegations of paragraph 4.7.4.

4.8   Rushmore admits that the Sorensens became delinquent in June 2019. Except as expressly admitted, Rushmore lacks sufficient information to either admit or deny the remaining allegations of paragraph 4.8 and so denies.

4.9   Rushmore admits that the Sorensens submitted plan payments that at times were less than the full required payment for the monthly mortgage payments and the cure payments. Except as admitted, Rushmore lacks sufficient information to either admit or deny the remaining allegations of paragraph 4.9 and so denies.

4.10   Rushmore admits that it filed a Notice of Mortgage change on April 24, 2020, the terms of which speak for itself. Except as expressly admitted and to the extent the allegations conflict with the terms of the documents, Rushmore denies the allegations of paragraph 4.10.

DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S
ANSWER TO COMPLAINT – 3

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone (503) 914-2015
Fax: (503) 914-1725

Case 21-04053-BDL   Doc 3   Filed 11/01/21   Ent. 11/01/21 16:40:14   Pg. 3 of 10

4.11     Rushmore admits that it filed a Notice of Mortgage change on March 16, 2021, the terms of which speak for itself. Except as expressly admitted and to the extent the allegations conflict with the terms of the documents, Rushmore denies the allegations of paragraph 4.11.

4.12     Rushmore lacks sufficient information to either admit or deny the allegations of paragraph 4.12.

4.13     Rushmore admits that the Sorensens' billing statements speak for themselves and include all charges allowed under the Note and Deed of Trust. Except as expressly admitted and to the extent the allegations conflict with the terms of the documents, Rushmore denies the allegations of Paragraph 4.13.

    4.13.1     Rushmore admits the allegations of Paragraph 4.13.1.

    4.13.2     Rushmore admits the allegations of Paragraph 4.13.2.

    4.13.3     Rushmore admits the allegations of Paragraph 4.13.3.

    4.13.4     Rushmore admits the allegations of Paragraph 4.13.4.

    4.13.5     Rushmore admits the allegations of Paragraph 4.13.5.

    4.13.6     Rushmore admits the allegations of Paragraph 4.13.6.

    4.13.7     Rushmore admits the allegations of Paragraph 4.13.7.

    4.13.8     Rushmore denies the allegations of Paragraph 4.13.8.

    4.13.9     Rushmore admits the allegations of Paragraph 4.13.9.

    4.13.10    Rushmore admits the allegations of Paragraph 4.13.10.

    4.13.11    Rushmore admits the allegations of Paragraph 4.13.11.

    4.13.12    Rushmore admits the allegations of Paragraph 4.13.12.

4.14     Rushmore denies the allegations of paragraph 4.14.

DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S
ANSWER TO COMPLAINT – 4

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone (503) 914-2015
Fax: (503) 914-1725

Case 21-04053-BDL    Doc 3    Filed 11/01/21    Ent. 11/01/21 16:40:14    Pg. 4 of 10

4.15   Rushmore admits the Sorensens requested information from Rushmore in a letter dated February 21, 2021., Rushmore lacks sufficient information to either admit or deny the remaining allegations of paragraph 4.15 and so denies..

4.16   Rushmore admits that the March 18, 2021 letter speaks for itself. Except as admitted and to the extent the allegations conflict with the terms of the documents, Rushmore denies the allegations of paragraph 4.16.

4.17    Rushmore admits that it sent monthly mortgage statements to the Sorensens, the terms of which speak for themselves. Except as admitted and to the extent the allegations conflict with the terms of the monthly statements and the Proof of Claim filed in October 2018, Rushmore denies the allegations of paragraph 4.17.

4.18   Rushmore admits that it sent a mortgage statement to the Sorensens dated April 9, 2021, the terms of which speak for itself. To the extent the allegations conflict with the terms of the documents, Rushmore denies the allegations of paragraph 4.18.

4.19   Rushmore lacks information sufficient to either admit or deny the allegations of paragraph 4.19 and so denies the same.

4.20   Rushmore denies the allegations of paragraph 4.20.

4.21   Rushmore denies the allegations of paragraph 4.21.

4.22   Rushmore denies the allegations of paragraph 4.22.

4.23   Rushmore denies the allegations of paragraph 4.23.

## V.   FIRST CAUSE OF ACTION

**VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(k)**

5.1   Rushmore admits the allegations of paragraph 5.1 with respect to the Sorensens' Chapter 13 case.

DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S
ANSWER TO COMPLAINT – 5

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone (503) 914-2015
Fax: (503) 914-1725

Case 21-04053-BDL    Doc 3    Filed 11/01/21    Ent. 11/01/21 16:40:14    Pg. 5 of 10

5.2     Rushmore denies the allegations of paragraph 5.2.

5.3     Rushmore admits that the Sorensens sent a letter dated February 21, 2021, and that their letter speaks for itself, but denies the remaining allegations of paragraph 5.3.

5.4     Rushmore denies the allegations of paragraph 5.4.

5.5     Paragraph 5.5 states a conclusion of law to which no response is required. To the extent a response may be required, Rushmore responds that the case cited by Sorensens speaks for itself and denied any allegations to the contrary.

5.6     Rushmore denies the allegations of paragraph 5.6.

## VI.     SECOND CAUSE OF ACTION

## FAILURE TO CREDIT PLAN PAYMENTS – VIOLATION OF 11 U.S.C. § 524(i)

6.1     Paragraph 6.1 states a conclusion of law to which no response is required. To the extent a response is required, Rushmore admits that 11 U.S.C. § 524(i) speaks for itself.

6.2     Rushmore denies the allegations of paragraph 6.2.

6.3     Rushmore denies the allegations of paragraph 6.3.

6.4     Rushmore denies the allegations of paragraph 6.4.

6.5     Rushmore denies the allegations of paragraph 6.5.

## VII.     THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE NOTICE OF POSTPETITION FEES – VIOLATION OF BANKRUPTCY RULE 3002.1(c)

7.1     Paragraph 7.1 states a conclusion of law to which no response is required. To the extent a response is required, Rushmore admits that Federal Rule of Bankruptcy Procedure 3002.1(c) speaks for itself.

7.2     Rushmore admits the allegations of paragraph 7.2.

DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S
ANSWER TO COMPLAINT – 6

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone (503) 914-2015
Fax: (503) 914-1725

Case 21-04053-BDL    Doc 3    Filed 11/01/21    Ent. 11/01/21 16:40:14    Pg. 6 of 10

7.3    Rushmore denies the allegations of paragraph 7.3.

7.4    Rushmore denies the allegations of paragraph 7.4.

7.5    Rushmore admit that Sorensens seek relief under their complaint, but deny that Rushmore is liable for such requested relief and otherwise deny the remaining allegations of paragraph 7.5 (erroneously set forth as second paragraph 7.4 in Sorensens' complaint).

## VIII.  PRAYER FOR RELIEF

8.    Rushmore denies Plaintiffs are entitled to any of the relief sought in their prayer section 8.1 through 8.4.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Ultimate Facts)

9.    Plaintiffs fail to allege ultimate facts sufficient to support a claim against Rushmore.

### SECOND AFFIRMATIVE DEFENSE

(Contributory Negligence/Fault)

10.    Some or all of Plaintiffs' claims are barred or, in the alternative, their recovery, if any, should be reduced by reason of their negligence.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate)

11.    Plaintiffs are barred from recovering some or all of his alleged damages by reason of Plaintiffs' failure to take reasonable, necessary, appropriate, and feasible steps to mitigate their alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S
ANSWER TO COMPLAINT – 7

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone (503) 914-2015
Fax: (503) 914-1725

Case 21-04053-BDL    Doc 3    Filed 11/01/21    Ent. 11/01/21 16:40:14    Pg. 7 of 10

(Waiver)

12. Some or all of Plaintiffs' claims may be barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

13. Some or all of Plaintiffs' claims may be barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

(Failure of Conditions Precedent)

14. Some or all of Plaintiffs' claims may be barred by their own failure to comply with or satisfy conditions precedent to performance by or obligation of Rushmore.

### SEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

15. Some of Plaintiffs' claims may be barred by the statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

(Reservation of Affirmative Defenses)

16. Rushmore does not knowingly or intentionally waive any applicable affirmative defenses. Rushmore reserves the right to assert additional affirmative defenses that they may discover in the course of discovery and investigation of this matter and to which Rushmore may be entitled under the law, including case law, statutes, and rules of the jurisdiction whose laws may be found to apply to the claims asserted.

WHEREFORE, Rushmore prays for a judgment from this Court:

1. Dismissing Plaintiffs' claims with prejudice;

2. Awarding Rushmore its costs and litigation expenses, and, to the extent permitted by law, their reasonable attorney fees incurred; and

DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S
ANSWER TO COMPLAINT – 8

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone (503) 914-2015
Fax: (503) 914-1725

Case 21-04053-BDL    Doc 3    Filed 11/01/21    Ent. 11/01/21 16:40:14    Pg. 8 of 10

3. For such other relief as the Court deems appropriate.

DATED: November 1, 2021.

    MB LAW GROUP, LLP

    s/ Michael J. Farrell
    Michael J. Farrell, WSBA No 18897
    mfarrell@mblglaw.com
    David W. Cramer, WSBA No. 49566
    dcramer@mblglaw.com
    117 SW Taylor Street, Suite 200
    Portland, OR 97204
    Telephone: 503-914-2015
    Fax: 503-914-1725

    *Attorneys for Defendant Rushmore Loan Management Services LLC*

DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S ANSWER TO COMPLAINT – 9

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone (503) 914-2015
Fax: (503) 914-1725

Case 21-04053-BDL    Doc 3    Filed 11/01/21    Ent. 11/01/21 16:40:14    Pg. 9 of 10

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served the following documents on the following individuals in the manner indicated:

- Rushmore Loan Management Services, LLC's Answer to Complaint

Amanda N. Martin
Northwest Consumer Law Center
936 N. 34th St. Ste. 300
Seattle, WA 98103
Email: amanda@nwclc.org

Christina L. Henry
Henry & DeGraaff, P.S.
119 1st Avenue S, Ste. 500
Seattle, WA 98104
Email: chenry@hdm-legal.com

Attorneys for Plaintiffs

|   | |
|---|---|
|   | U.S. MAIL |
|   | LEGAL MESSENGER |
|   | EMAIL |
|   | HAND DELIVERED |
|   | EXPRESS DELIVERY |
|   | FACSIMILE |
| X | ECF |

Dated November 1, 2021

    *s/ Sonya Kuehn*
    Legal Assistant

DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S ANSWER TO COMPLAINT – 10

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone (503) 914-2015
Fax: (503) 914-1725

Case 21-04053-BDL    Doc 3    Filed 11/01/21    Ent. 11/01/21 16:40:14    Pg. 10 of 10